John A. Kawai, SBN 260120
CARPENTER, ZUCKERMAN, & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel: (805)272-4001
Fax: (805)719-6858
Email: jk@czrlaw.com
Of Attorneys for Plaintiffs

Deborah A. Bianco, WSBA No. 19826, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
(425)747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiff Jane Roe for Pia

Carol L. Hepburn, WSBA No. 8732, *Pro Hac Vice*
200 First Avenue West, #550
Seattle, WA 98119
Tel: (206)957-7272
Fax: (206)957-7273
Email: carol@hepburnlaw.net
Attorney for Plaintiffs Lily,
Jane Doe for Skylar and Savannah, minors,
John Doe for Sally and Sierra, and Jenny

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," JANE DOE, as court appointed conservator for "SKYLAR" and "SAVANNAH," minors, JOHN DOE, as court appointed conservator for "SALLY" and "SIERRA," JANE ROE as next friend for minor, "PIA," and "JENNY."<br>Plaintiffs,<br>v.<br>TAY CHRISTOPHER COOPER,<br>Defendant. | NO. 3:19-CV-00745-DMS-AGS<br><br>JOINT MOTION TO APPROVE MINOR SETTLEMENTS [Redacted pursuant to Order, Doc. 34]<br><br>[No hearing set, pursuant to Local Civil Rule 7-2]<br><br>Before the Honorable Michael S. Berg<br>United States District Court Magistrate Judge |



CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

## MOTION

This is a joint motion pursuant to Local Civil Rule 7.2.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELIEF REQUESTED

This matter comes on the joint motion of the Plaintiffs and the Defendant pursuant to Local Civil Rule 17.1 for approval by the court of a tentative settlement reached in this matter involving, in part, the compromise of claims made on behalf of the minors in this action. With the assistance of Magistrate Andrew Schopler through two, in person, settlement conferences the parties have reached this tentative agreement.

Plaintiffs further request approval of the attorneys fees and costs advanced reimbursement proposed.

### II. BACKGROUND

This matter was brought by the Plaintiffs for civil remedies under 18 U.S.C. 2255(a). The Court has previously approved Plaintiffs' proceeding via pseudonym ECF 5. Each of the Plaintiffs herein are victims of child sex abuse image crimes. The Defendant was convicted on plea of guilty of possession of child sex abuse images. Since the filing of the Complaint herein in was determined in concert with the government prosecutors that the images of three of the plaintiffs originally named were not included in defendant Cooper's collection. This is because they are each part of multi-victim series of child pornography and notice of the prosecution received from the U.S. Department of Justice was originally in the names of all three victims. These plaintiffs' claims were dismissed by the court on Joint Motion on April 2, 2020. ECF 29.

Five of the remaining seven Plaintiffs at the time of filing of the Complaint were minors---Skylar, Savannah, Sally, Sierra, and Pia. In the interim, Sierra has reached the age of



CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

majority, however she is still the subject of a conservatorship in her home state which lasts until age 21 by statute. Therefore, the parties ask the Court for approval of her settlement as well as that of the four remaining minors.

Skylar, Savannah, Sally, and Sierra are each the subject of conservatorship proceedings in their home states. All funds obtained on account of their status as victims of child sex abuse image crimes are placed in blocked accounts monitored by their home state court. See Declarations of Jane Doe and John Doe filed herewith. Pia is a resident of Canada. Her next friend herein is her mother who is her custodial parent. It is proposed that funds obtained on behalf of Pia be placed in a separate blocked account and that no withdrawal of principal or interest be made without order of this court until such time as Pia turns 18. It is further proposed that Pia's mother/next friend be allowed to select the bank or credit union at which such funds be deposited, that Plaintiffs' counsel provide such financial institution with a copy of this court's order regarding the disposition of Pia's funds, and that Plaintiff's counsel within forty-five (45) days of the court's order file with the court a declaration verifying the establishment of the blocked account. It is further requested that any bond be waived. See Declaration of Jane Roe.

## III. EVIDENCE RELIED UPON

The parties rely upon Declarations of parents Jane Doe, John Doe and Jane Roe, and the Declarations of Plaintiffs' counsel Carol L, Hepburn, Deborah A. Bianco, and John A. Kawai, as well as the records and files herein.

## IV. ISSUES PRESENTED

A. Whether the settlements proposed for the minors are fair and reasonable.

B. Whether the attorneys fees and costs reimbursement requested are fair and reasonable.

//



CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

## V. LEGAL AND FACTUAL ISSUES

This court has a special duty to protect the interests of the minors herein. *Robidoux v. Rosengren*, 638 F.3d 1177 (9th Cir. 2011). The question before the court is whether the net settlement to be distributed to the minors is fair and reasonable in light of the facts and circumstances of the case *Robidoux, supra* at 1181-82.

This Court's Local Rule 17.1 provides in pertinent part:

> **(a) Order of Judgment Required.** No action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue. . . .

Plaintiffs have sought by their complaint statutory liquidated damages of $150,000 each plus attorneys fees as provided by 18 U.S.C. 2255(a). Defendant has alleged affirmative defenses of violation of his Eighth Amendment right to be free of excessive fines and his Fifth Amendment right to due process.

Relatively few cases have been brought under this statute for victims of child sex abuse image crimes and far fewer have been litigated fully or tried. Little caselaw has been developed concerning the affirmative defenses advanced by Defendant.

Because the liability in this matter was established by virtue of the conviction of the defendant of the predicate child pornography crime and the restitution orders entered by the criminal court, and because the damages as established by statute, the parties engaged in limited discovery. Rather the bulk of efforts of counsel for both sides have been focused on settlement.

//

//



CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

## VI. PROPOSED SETTLEMENT AND SOURCE OF FUNDS

There is no insurance policy which might cover the claims against Mr. Cooper. Mr. Cooper is in the midst of a legal separation from his wife. This matter is of record in the Superior Court of San Diego County. As requested by the court, Mrs. Cooper and her family law counsel participated in person in the second settlement conference between the parties.

The Coopers disclosed through Magistrate Schopler the extent of their assets and liquidity. Counsel for Plaintiffs conferred with Mrs. Cooper's family law attorney prior to the second settlement conference concerning the existence and nature of potential claims for a disparate division of community property in the separation. He advised that he was contemplating such claims based on a dissipation of community assets by virtue of Mr. Cooper's crime.

The settlement tentatively reached by the parties provides for Mr. Cooper to pay [redacted] within thirty (30) days into his counsel's attorney trust account for benefit of all of the Plaintiffs. These funds are to remain in the trust account pending the outcome of the minor settlement process. This payment consumes a substantial portion of the Coopers' liquid accounts. Mrs. Cooper is in essence "loaning" Mr. Cooper the liquid funds to consummate this settlement.

The Coopers' only other asset available for application to the settlement is the equity in their family home. It is estimated that this amounts [redacted] assuming a generous sales price. Mr. Cooper is of the age that he qualifies for the statutory homestead exemption of $175,000. Mrs. Cooper will attain this age later this year. In the marital legal separation Mrs. Cooper is alleging claims against Mr. Cooper in the amount of [redacted] to [redacted] for reimbursement of dissipated community funds expended for his legal fees and related costs for his criminal defense. These claims would be assessed against the equity in the family home if they are successful.



CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

The Plaintiffs, by prior agreement among themselves, agreed to an equal sharing of any proceeds of the resolution of this matter as well as an equal sharing of the costs of the litigation. With the proposed settlement each of the plaintiffs would receive [redacted] gross. As explained below, after proposed fees of [redacted] each, and costs of $577.83 each, the net to each plaintiff, including each of the minors, would be [redacted].

There are no medical or counseling expenses or other subrogated expenses to be paid from the settlement funds.

## VII. ATTORNEYS FEES AND COSTS

This action is brought under 18 U.S.C. 2255(a) and is relatively novel in terms of the broad sweep of subject matter of federal court actions. Few such actions have apparently been tried across the country. Plaintiffs' counsel are aware of only ten attorneys including themselves, nationwide, who regularly represent victims of child sex abuse image exploitation crimes in civil matters or criminal restitution matters.

Plaintiffs' attorneys have advanced all costs necessary in pursuit of this action. No funds have been advanced by any of the plaintiffs themselves.

Plaintiffs' counsel jointly have expended a total of over 120.30 hours in prosecuting this matter. This does not count time spent by counsel's paralegals who have expended additional time on initial drafts of documents, correspondence, and scheduling.

Minor Plaintiffs' parents entered into fee agreements with counsel Hepburn and Bianco at the outset of representation providing for a one-third contingent fee together with reimbursement of reasonable out of pocket costs. Attorney Hepburn has represented the minors Sally, Skylar, Savannah, and Sierra since 2015 under this fee agreement. Attorneys Hepburn and Bianco have represented the minor Pia since 2016, also under a one-third contingent fee agreement. For purposes of this action, an agreement for association of Attorney Kawai as local counsel was also entered into by each of the Plaintiffs. This agreement provides that Mr.



CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

Kawai's fees would be a part of the one-third contingent fee and that Plaintiffs would have no greater fee because of his participation as local counsel.

Declarations of each counsel are filed herewith attesting to the time and efforts expended in this matter. An itemization of costs advanced is included with each declaration.

Plaintiffs' counsel have brought other similar actions under 18 U.S.C. §2255 for these plaintiffs. Despite similar issues, the outcomes vary substantially depending on the development of record in the underlying criminal proceedings and the assets and circumstances of the particular defendant. Many such resolutions by settlement result in contingent fees at less than counsel's hourly rate.

Plaintiffs rely on the Declarations of counsel Carol L. Hepburn, Deborah A. Bianco, John Kawai in support of their request for approval of attorneys fees and costs as well as the four affidavits of the parents of the minors herein.

DATED this 8th day of May, 2020.

CARPENTER, ZUCKERMAN, & ROWLEY

By /s John A. Kawai
John A. Kawai, CSBA No. 260120
407 Bryan Circle, Suite F
Ojai, CA 93023
805-272-4001
jk@czrlaw.com
Attorney for Plaintiffs

CAROL L. HEPBURN, P.S.

By /s Carol L. Hepburn
Carol L. Hepburn , WSBA No. 8732, *Pro Hac Vice*
200 First Ave. West, Suite 550
Seattle, WA 98119
(206) 957-7272
(206) 957-7273 fax
Email: carol@hepburnlaw.net
Of Attorneys for Plaintiffs Lily, Jane Doe for Skylar and

Savannah, minors, John Doe for Sally and Sierra, minors and Jenny

DEBORAH A. BIANCO, P.S.

By_/s Deborah A. Bianco________
Deborah A. Bianco, WSBA No. 19826, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
Phone: 425-747-4500
Email: deb@debbiancolaw.com
Of Attorneys for Jane Roe for Pia

THE GILLILAND FIRM

By_/s Douglas S. Gilliland________
Douglas S. Gilliland, Esq.
402 West Broadway, Suite 1760
San Diego, California 92101
Telephone: (619) 878-1580
e-Fax: (619) 878-6630
doug@thegillilandfirm.com
Attorney for the Defendant Tay Christopher Cooper



CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273