UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," JANE DOE, as court appointed conservator for "SKYLAR" and "SAVANNAH," minors, JOHN DOE, as court appointed conservator for "SALLY" and "SIERRA," JANE ROE as next friend for minor, "PIA," and "JENNY."<br><br>  Plaintiffs,<br><br>v.<br><br>TAY CHRISTOPHER COOPER,<br><br>  Defendant. | Case No.: 19cv745-DMS(AGS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING JOINT MOTION FOR APPROVAL OF MINOR SETTLEMENTS**<br><br>**[ECF No. 36]**<br><br>**(Unredacted Version Filed Under Seal)** |

Before the Court is the parties' "Joint Motion to Approve Minor Settlements" ("Joint Motion"). (ECF No. 36 ("J. Mot.").) This Report and Recommendation is submitted to United States District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California. After reviewing the Joint Motion and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that the District Court **GRANT** the motion.

///

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs were granted leave to proceed with pseudonyms in this action. (See ECF No. 5). According to the Complaint filed on April 12, 2019, Plaintiff "Lily" is an adult; Plaintiffs "Skylar" and "Savannah" are minors appearing by and through their mother and court-appointed conservator "Jane Doe"; Plaintiffs "Sally" and "Sierra" are minors appearing by and through their father and court-appointed conservator "John Doe"; Plaintiff "Pia" is a minor appearing by and through her next friend, "Jane Roe"; and Plaintiff "Jenny" is an adult.[1] (ECF No. 1 at 2-3.) All Plaintiffs were minors when they were depicted in multiple series of images and videos containing child rape and sexual exploitation. (Id. at 4.) The images and videos in the series constitute child pornography within the meaning of 18 U.S.C. § 2256(8), and were "widely traded—by barter and commercial transaction—over the internet." (Id. at 5; see also id. at 4, 6.) Defendant possessed the child pornography that depicted Plaintiffs and pleaded guilty to violating the federal child pornography statute 18 U.S.C. § 2252(a)(4). (Id. at 4-8, 11; see also id. at 2.)

Plaintiff's Complaint brings one cause of action for civil remedies under 18 U.S.C. § 2255(a). (Id. at 10-11.) Plaintiffs allege to have "suffered personal injury as a result of the Defendant's violation of 18 U.S.C. § 2252(a)(4)." (Id. at 11.) Specifically, Plaintiffs contend that they have suffered and will continue to suffer personal injury by the "distribution and possession of child pornography" depicting them. (Id. at 5-8.) They further allege that

> [t]he permanent harm [they] have proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with their normal development and

---

[1] The Court notes that the Complaint named three additional Plaintiffs: Sarah, Mya, and Ava. (See ECF No. 1.) On April 2, 2020, the parties filed a Joint Motion to Dismiss those three Plaintiffs because their images were not involved in this case. (ECF No. 28; see also J. Mot. at 2.) On the same day, District Judge Sabraw granted the motion and dismissed Plaintiffs Sarah, Mya, and Ava with prejudice from all claims between Plaintiffs and Defendant Cooper. (ECF No. 29.)

> educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

(Id.)  The Complaint seeks liquidated and punitive damages, reasonable attorney's fees, pre-judgment and post-judgement interest, and other related relief.  (Id. at 11-12.)

Magistrate Judge Andrew G. Schopler held an Early Neutral Evaluation Conference and a Case Management Conference on October 10, 2019, and issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings on October 11, 2019.  (See ECF Nos. 18 & 19.)  On February 12, 2020, Judge Schopler held a Settlement Conference, during which the case settled.  (ECF No. 27.)

On May 8, 2020, the parties filed the instant motion, which was referred to Magistrate Judge Michael S. Berg for purposes of Report and Recommendation.  (See ECF Nos. 34-36.)  The parties state in their Joint Motion that at the time of filing of the Complaint, the following five of the seven remaining Plaintiffs were minors:  Skylar, Savannah, Sally, Sierra, and Pia.  (J. Mot. at 2.)  Although Sierra has reached the age of majority since the filing of the Complaint, she is still the subject of a conservatorship in her home state, and the parties therefore ask the Court to approve "[Sierra's] settlement as well as that of the four remaining minors."  (Id. at 2-3.)

On August 7, 2020, the Court issued an order requiring the parties to provide additional briefing regarding their calculations of total costs advanced by Plaintiffs' counsel.  (ECF No. 39.)  Plaintiffs timely filed the requested brief, which included the declaration of Plaintiff's counsel, Carol L. Hepburn.  (Decl. of Carol L. Hepburn, ECF No. 40 at 2-3 ("Hepburn Supplemental Decl.").)

///
///
///
///

## II. LEGAL STANDARD

Civil Local Rule 17.1 governs settlements for minors. It provides that "[n]o action by or on behalf of a minor . . . or in which a minor . . . has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." S.D. Cal. Civ. R. 17.1(a). It further mandates that "[a]ll settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue." Id.

It is well settled that district courts have a "special duty to safeguard the interests of minor plaintiffs." Robidoux v. Rosengren, 638 F.3d 1177, 1179 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. at 1181 (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)); see also Salmeron v. United States, 724 F.2d 1357, 1353 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, . . . even if the settlement has been recommended or negotiated by the minor's parents or guardian ad litem.").

District courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Robidoux, 638 F.3d at 1181-82. Courts should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." Id. at 1182 (citing Dacanay, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." Id.

4

19cv745-DMS(AGS)

## III.  DISCUSSION

Pursuant to the terms of the proposed settlement, Plaintiffs will receive an equal pro-rata portion of the gross proceeds of the settlement and will be responsible for an equal pro-rata share of the costs of this litigation. (J. Mot. at 6.) Specifically, the proposed settlement entails even distribution of ▮▮▮▮▮ among Plaintiffs, including minors, and offers each Plaintiff ▮▮▮▮▮ in gross settlement proceeds. (Id.) The proposed settlement includes ▮▮▮▮▮ in fees per Plaintiff, and ▮▮▮▮▮ in costs per Plaintiff, which renders a net settlement of ▮▮▮▮▮ for each Plaintiff, including each minor. (Id.; Hepburn Supplemental Decl. at 2.) No medical or counseling expenses, or other subrogated expenses, will be paid from the settlement funds. (J. Mot. at 6.)

Defendant Cooper is legally separating from his wife, and the Coopers' main asset is the equity in their family home. (Id. at 5.) Defendant's wife is essentially "'loaning' [Defendant] the liquid funds to consummate this settlement," and the funds account for a "substantial portion" of Defendant and his wife's liquid accounts. (Id.) The proposed settlement requires Defendant Cooper to pay ▮▮▮▮▮ within thirty days into his counsel's attorney trust account. (Id.) The settlement funds are to remain in defense counsel's trust account pending the outcome of the minor settlement process. (Id.)

Plaintiffs Skylar, Savannah, Sally, and Sierra are the subject of conservatorship proceedings in their home states, and the parties propose that all funds obtained as a result of this settlement be placed in blocked accounts for the minors' benefit and not be subject to any withdrawals absent further order of this Court or a court of competent jurisdiction in the minors' home state. (See id. at 3; see also Decl. of Jane Doe; Decl. of John Doe, ECF No. 36.) Pia is a resident of Canada, and her next friend is her mother who is her custodial parent. (J. Mot. at 3.) According to the proposed settlement, Pia's settlement funds will be placed in a separate blocked account, no withdrawal of principal or interest will be made without court order until Pia turns 18, and Pia's mother/next friend will be allowed to select the bank or credit union where the funds will be deposited. (Id.) Plaintiffs' counsel will provide Pia's bank or credit union with a

copy of the District Judge's order approving the minors' compromise, and within forty-five days file with the Court a declaration verifying the opening of the blocked account. (Id.)  Finally, pursuant to the terms of the proposed settlement, any bond will be waived.  (Id.)

After considering the Joint Motion and the supplemental brief filed by Plaintiffs in support of the Joint Motion, the Court concludes that the proposed settlement is fair and reasonable under Robidoux.  Plaintiffs' sole cause of action in this case seeks civil remedies under 18 U.S.C. § 2255(a).  (ECF No. 1 at 10-11.)  Section 2255(a) provides the victim of a child sex offense with a civil remedy for personal injury suffered as a result of enumerated offenses related to the sexual exploitation of children, and provides the following:

> [a]ny person who, while a minor, was a victim of a violation of section . . . 2252 . . . and who suffers personal injury as a result of such violation . . . shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

18 U.S.C. § 2255(a).

Defendant pleaded guilty to and was convicted of violating the federal criminal child pornography statute 18 U.S.C. § 2252(a)(4).  (See ECF No. 1 at 10-11.)  Further, each Plaintiff, including minor Plaintiffs, appeared in the child pornography Defendant possessed, and suffered injury as a result.  See Paroline v. United States, 572 U.S. 434, 457 (2014) ("[T]he victim suffers continuing and grievous harm as a result of her knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse she endured[]"; further stating that "every viewing of child pornography is a repetition of the victim's abuse" and "[t]he unlawful conduct of everyone who . . . possesses the images of the victim's abuse . . . plays a part in sustaining and aggravating" the victim's injury.).

With respect to attorney's fees and costs, Plaintiffs' counsel advanced all of the expenses in the case.  (J. Mot. at 6.)  The parties note in their Joint Motion that

1 "relatively few cases have been brought under [18 U.S.C. § 2255(a)] for victims of child sex abuse image crimes and far fewer have been litigated or tried." (J. Mot. at 4; see also id. at 6.) Plaintiffs' attorneys seek ▇▇▇▇▇▇▇ in fees per Plaintiff, a sum that represents 33 1/3% of the gross settlement. (Id. at 6-7.) Plaintiff's counsel, Ms. Hepburn, Ms. Bianco, and Mr. Kawai possess unique knowledge and skill representing victims of child sex abuse image exploitation crimes in civil matters, and have jointly expended over 120.30 hours in litigating this matter before settling the case. (See id.; see also Decl. of John A. Kawai; Decl. of Carol L. Hepburn; Decl. of Deborah A. Bianco, ECF No. 33.) Plaintiffs' counsel also seek reimbursement of costs they incurred in this litigation, which include travel expenses and out-of-pocket costs, totaling $3,838.80, or $548.40 per Plaintiff. (See id.; Hepburn Supplemental Decl. at 2.)

Having considered the facts of this case, including the amount of Defendant's available assets, the minor Plaintiffs' claims, as well as recoveries in similar cases, the Court concludes that the proposed settlement is fair and reasonable, and in the best interests of minor Plaintiffs and Plaintiff Sierra. See Robidoux, 638 F.3d at 1181; see also 18 U.S.C. § 2255(a); Lora v. Boland, Case No. 1:07 CV 2787, 2012 WL 13027977, at *1-2 (N.D. Ohio, Jan. 18, 2012) (finding $41,700 in attorney's fees and $1,514.11 in costs "fair and reasonable," in a case involving an award of $150,000 to each minor plaintiff under 18 U.S.C. § 2255(a).). The Court therefore **RECOMMENDS** granting the parties' Joint Motion.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District Court issue an order: (1) adopting this Report and Recommendation; (2) **GRANTING** the "Joint Motion to Approve Minor Settlements"; and (3) requiring the following:

1. The conservators for Sierra, Sally, Skylar and Savannah, and the next friend for Pia are authorized to execute the settlement documents in the form agreed to by counsel of the minors' claims; upon payment by Defendant Tay Christopher Cooper

funds shall be deposited into Plaintiffs' counsel's trust account and disbursed according to the terms of this Order;

2. The costs and attorney's fees incurred herein are found to be reasonable and approved as set forth in the itemizations included in counsels' declarations:

    **A. Costs**—Costs advanced totaling $3,838.80 are approved and may be reimbursed to counsel;

    **B. Attorney's Fees**—Attorney's Fees of 33 1/3% of Gross Settlement are approved and may be disbursed to counsel;

All funds payable for benefit of the minors shall be disbursed on a pro rata basis as set forth in the parties' Joint Motion and shall be placed in blocked accounts for the minors' benefit, and shall not be subject to any withdrawals absent further order of this Court or a court of competent jurisdiction in the minor's home state. Pia's next friend/mother may choose the financial institution for her blocked account.

3. Counsel shall, within 45 days after approval of the minors' compromise, file with the Clerk of Court proof of deposit of funds payable for the minors' benefit into blocked accounts as required by this Order.

4. No bond shall be required.

**IT IS ORDERED** that no later than **October 2, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///
///
///
///

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **October 9, 2020**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:  September 23, 2020

Honorable Michael S. Berg
United States Magistrate Judge